UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON LEE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, et al.,<br><br>Defendants. | CAUSE NO. 3:23-CV-610-CCB-SJF |

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden Ron Neal in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief to provide Mr. Johnson with constitutionally adequate medical treatment for the physical and emotional injuries he suffered as a result of the fires at ISP beginning in January 2021[.]" ECF 9 at 9-10. Second, he is proceeding "against Warden Ron Neal, Deputy Warden Mark Newkirk, Major Wardlow, Safety Hazard Manager Taylor, Training Officer Beal, and Sanitation Officer Ball in their individual capacities for compensatory and punitive damages for deliberate indifference to the risk of harm posed by the fires that occurred at ISP beginning in January 2021, in violation of the Eighth Amendment[.]" *Id.* at 10. The defendants filed a motion for summary judgment, arguing Johnson did not exhaust his available administrative remedies before filing this lawsuit. ECF 20. Johnson filed a response, and the defendants filed a reply. ECF 39, ECF 42. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

2

The defendants argue Johnson did not exhaust his available administrative remedies because he filed various grievances related to his claims in this lawsuit but he did not fully exhaust any of those grievances. Specifically, the defendants provide evidence that Johnson (1) filed two relevant grievances that were accepted by the grievance office and denied on the merits, and he did not appeal the denial of these grievances, and (2) filed other relevant grievances which were rejected by the grievance office, and he did not correct and resubmit these rejected grievances to the grievance office. The defendants provide a copy of the Offender Grievance Process, an affidavit from the Grievance Specialist at Indiana State Prison ("ISP"), and Johnson's grievance records, which show the following facts:

During all relevant times, an Offender Grievance Process was in place at ISP. ECF 20-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 20-2 at 3. The Offender Grievance Process provides that if an inmate submits a grievance which is rejected by the grievance office and returned to the inmate, "It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." ECF 20-2 at 10.

Johnson's grievance records show he submitted two relevant grievances that were accepted by the grievance office, but he did not fully exhaust either grievance. First, on January 7, 2023, Johnson submitted Grievance 149808, complaining he was

3

denied adequate medical treatment during and after a fire that occurred earlier that day. ECF 20-1 at 6-7; ECF 20-4 at 2. On February 1, 2023, the grievance office issued a response denying Grievance 149808 on its merits. ECF 20-1 at 7; ECF 20-4 at 1. The grievance office has no record that Johnson signed and returned the bottom portion of the Offender Grievance Response Report for Grievance 149808, which was the next step to initiate a Level I appeal. *Id*. Therefore, Johnson did not fully exhaust Grievance 149808. ECF 20-1 at 7.

Second, on February 11, 2023, Johnson submitted Grievance 152014, complaining he was being denied mental health treatment and had concerns about fire safety. ECF 20-1 at 7; ECF 20-5 at 2. On March 9, 2023, the grievance office denied Grievance 152014 on its merits. ECF 20-1 at 8; ECF 20-5 at 1. The grievance office has no record that Johnson signed and returned the bottom portion of the Offender Grievance Response Report for Grievance 152014, which was the next step to initiate a Level I appeal. *Id*. Therefore, Johnson did not fully exhaust Grievance 149808. ECF 20-1 at 8.

Johnson's grievance records also show he submitted several potentially relevant grievances which were rejected by the grievance office, and Johnson never corrected and resubmitted any of these rejected grievances to the grievance office. ECF 20-1 at 8. First, on May 25, 2022, Johnson submitted a grievance complaining he felt unsafe after witnessing correctional officers lock an inmate into a smoky cell. ECF 20-1 at 8; ECF 20-6 at 34. The grievance office returned this grievance to Johnson with a request for more information, asking him to explain what time the incident occurred. ECF 20-1 at 8; ECF 20-6 at 33. Johnson never corrected and resubmitted this grievance to the grievance

4

office. *Id.* Second, on January 7, 2023, Johnson submitted a grievance complaining that smoke had been filling the air "because it was never removed from the vest." ECF 20-1 at 8; ECF 20-6 at 36. The grievance office returned this grievance to Johnson with a request for more information, asking when the fire occurred and "What vest had smoke," but Johnson never corrected and resubmitted this grievance to the grievance office. ECF 20-1 at 8-9; ECF 20-6 at 35. Third, on January 27, 2023, Johnson submitted a grievance complaining he had not received adequate medical care after the January 7 fire in his cellhouse. ECF 20-1 at 9; ECF 20-6 at 38. The grievance office returned this grievance to Johnson because it was duplicative of Grievance 149808, discussed above, and Johnson never corrected and resubmitted this grievance to the grievance office. ECF 20-1 at 9; ECF 20-6 at 37. Fourth, on March 13, 2023, Johnson submitted a grievance complaining he believed the paint on his cell walls was flammable and requesting as relief that the paint on his walls be "tested for harmful elements, including paint layers." ECF 20-1 at 9; ECF 20-6 at 40. The grievance office rejected and returned this grievance to Johnson, explaining he needed to grieve an event or incident that occurred and request appropriate relief, but Johnson never corrected and resubmitted this grievance to the grievance office. ECF 20-1 at 9; ECF 20-6 at 39. Lastly, Johnson submitted numerous additional grievances complaining he believed there was a high risk of fire in his cell due to the paint used on the walls and other factors. ECF 20-1 at 9; ECF 20-6 at 41-55. The grievance office rejected and returned each of these grievances as duplicative, incomplete, or untimely, and Johnson did not correct and resubmit any of these grievances. *Id.*

Thus, the defendants have provided evidence Johnson submitted numerous grievances related to his claims in this lawsuit but did not fully exhaust any of these grievances. In his response, Johnson does not dispute any of these facts and concedes he never fully exhausted any relevant grievance. The court therefore accepts that as undisputed. Nevertheless, Johnson argues his administrative remedies were unavailable for three reasons.

First, Johnson argues he submitted numerous grievances for which he never received any receipt or response from the grievance office. ECF 39 at 3, 6. In support of this argument, Johnson cites to thirty-five pages of grievance documents he provides as exhibits. *See* ECF 39-1. These grievance documents include the same grievances provided by the defendants (ECF 39-1 at 11, 14, 26), some additional grievances that are not related to Johnson's claim in this lawsuit (ECF 39-1 at 13, 18, 22), and some additional grievances that Johnson submitted *after* he filed this lawsuit[1] (ECF 39-1 at 2, 4, 6, 8, 17, 19, 25, 28-29, 31, 33). None of these exhibits show Johnson submitted a relevant grievance before filing this lawsuit for which he never received any receipt or response from the grievance office. Rather, the defendants have provided evidence Johnson received either an Offender Grievance Response Report or a Return of Grievance form for each relevant grievance he submitted. Regardless, even accepting as true that Johnson *did* submit relevant grievances before filing this lawsuit for which he

---

[1] Because Johnson submitted these grievances *after* filing this lawsuit, he cannot rely on these grievances to show he exhausted his administrative remedies in this case. *See Perez*, 182 F.3d at 535 (a prisoner must exhaust his administrative remedies before filing his lawsuit, and cannot exhaust his remedies while his lawsuit is pending); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later).

6

never received any receipt or response from the grievance office, the undisputed facts still show Johnson had an available administrative remedy to exhaust. Specifically, the Offender Grievance Process provides that, in the event an inmate submits a grievance and does not receive a receipt or response from the grievance office within ten business days, "the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days[.]" ECF 20-2 at 9. Johnson does allege vaguely that he wrote to the Grievance Specialist (ECF 39 at 4, 6), but he provides no evidence of any written notification, despite being informed he needed to "retain[] a copy of the notice." *See* ECF 20-2 at 9. Therefore, even accepting as true that Johnson submitted a grievance which was ignored by the grievance office, the undisputed evidence nevertheless shows he had available administrative remedies he did not exhaust before filing this lawsuit. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist after not receiving a response to his grievance).

Second, Johnson argues his administrative remedies were unavailable because he was "denied requested appeal forms." ECF 39 at 4. But Johnson designates no evidence in support of this assertion. The defendants have provided evidence Johnson was

7

provided with Offender Grievance Response Reports for both of his accepted grievances, and Johnson provides no evidence he ever signed and returned these forms to initiate a Level I appeal. Moreover, the record contains no evidence Johnson ever wrote to the Grievance Specialist to request an appeal form. Johnson's vague assertion he was "denied requested appeal forms" is insufficient to create a genuine dispute, as Johnson does not allege or provide any evidence showing what steps he took to request an appeal form. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Dale v. Lappin*, 376 F.3d 652, 655–56 (7th Cir. 2004) (noting that "bald assertions" are not sufficient to create a genuine issue of fact on exhaustion issue); *Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) (a prisoner must cite the record to create a material dispute regarding exhaustion of remedies); *Thomas v. Kolhouse*, No. 24-1351, 2025 WL 1483373, at *2 (7th Cir. May 3, 2025) (plaintiff's assertions that his administrative remedies were unavailable did not create a genuine dispute of material fact because he did not "cite admissible evidence in the record supporting these assertions").

Lastly, Johnson alleges his administrative remedies were unavailable because (1) ISP has a "widespread custom" of refusing to process emergency grievances, (2) ISP went on several lockdowns between 2021 and 2025, and (3) he underwent numerous cell changes while at ISP. ECF 39 at 4, 7-8. But Johnson provides no evidence showing these general allegations made his administrative remedies unavailable with regard to

8

his claims in this lawsuit. As discussed above, Johnson provides no evidence he submitted any relevant grievance before filing this lawsuit for which he received no response from the grievance office. Therefore, accepting as true that ISP has a widespread custom of refusing to process emergency grievances, went on several lockdowns between 2021 and 2025, and Johnson underwent numerous cell changes at ISP, there's no evidence in the record showing that these allegations made Johnson's administrative remedies unavailable with regard to his claims in this lawsuit.

Accordingly, the defendants have provided undisputed evidence Johnson did not fully exhaust any relevant grievance before filing this lawsuit, and Johnson has not shown his administrative remedies were unavailable. Thus, the defendants have met their burden to show Johnson did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 20);

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Brandon Lee Johnson and to close this case.

SO ORDERED on August 4, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT