UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

        v.                                              CAUSE NO. 3:23-CV-610-CCB-SJF

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of the defendants. ECF 47. The court granted summary judgment in favor of the defendants because it concluded Johnson had not exhausted his available administrative remedies before filing this lawsuit. ECF 45. Specifically, in its order granting the defendants' summary judgment motion, the court found that Johnson had (1) filed two relevant grievances which were accepted by the grievance office and denied on the merits, and he did not appeal the denial of these grievances, and (2) filed other relevant grievances which were rejected by the grievance office, and he did not correct and resubmit these rejected grievances to the grievance office. *Id.* at 3-6. The court went through and discussed each of these grievances. *Id.* The court then went on to address and reject Johnson's arguments that his administrative remedies were unavailable for various reasons, including because he (1) submitted numerous grievances for which he never received

any receipt or response from the grievance office, and (2) was denied requested appeal forms. *Id.* at 6-9.

In his motion for reconsideration, Johnson reiterates many of the same arguments the court addressed in its summary judgment order. Specifically, Johnson argues in his motion for reconsideration that his administrative remedies were unavailable because he (1) submitted grievances which were improperly rejected by the grievance office and (2) submitted other grievances for which received no receipt or response from the grievance office. ECF 47. But none of these arguments provide a proper basis for reconsideration of the court's summary judgment order, as each of these arguments were raised or could have been raised by Johnson in his response to the summary judgment motion. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"); *King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"). Because Johnson's motion for reconsideration only raises arguments that were or could have been raised in his response to the summary judgment motion, he does not provide any valid basis for reconsideration of the court's order granting summary judgment in favor of the defendants.

For these reasons, Johnson's motion to reconsider (ECF 47) is **DENIED**.

SO ORDERED on January 12, 2026.

                                                   /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT